**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL RIVERA, | No. 19-55445 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-05596-JLS-GJS |
| v. | |
| STEVE LANGFORD, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

Angel Rivera appeals the district court's denial of his habeas petition, filed

to restore good time credit lost after a disciplinary hearing. The parties are familiar

with the facts, so we do not repeat them here. We have jurisdiction under 28

U.S.C. § 1291, and affirm the district court.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

We review de novo a district court's denial of a habeas petition, review for clear error underlying factual findings, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), and defer to the findings of the disciplinary hearing officer if "some evidence" supports the determination, *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Due process in a prison disciplinary hearing which may result in the loss of good time credits requires that a prisoner have the opportunity to call witnesses if doing so does not imperil "institutional safety or correctional goals." *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Rivera asserts he was not permitted to do so, but does not dispute that his signature appears on hearing forms indicating he did not wish to call witnesses on his behalf. These forms, viewed with the "presumption of regularity," *see Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015), foreclose this argument.

A prison disciplinary decision need only be "supported by some evidence in the record." *Hill*, 472 U.S. at 454. Rivera's contention that the disciplinary decision relied on "a curated selection" of evidence, implicitly admits the existence of evidence supporting the decision. The record contains evidence that Rivera was in the mop closet immediately before the phone was discovered, that he was standing on a mop bucket so as to be able to reach the smoke detector where the phone was found, that he attempted to barricade himself in the closet and conceal

his activities, and that he admitted to being in the closet to wire a cellphone charger next to the area where the phone was found. Consequently, "the government [introduced] 'some evidence tying the defendant to the particular contraband.'" *United States v. Duenas*, 691 F.3d 1070, 1084 (9th Cir. 2012) (citation omitted).

**AFFIRMED.**